2026 JUN 22 PM 1:41

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MASSACHUSETTS**

ALEJANDRA HARDY,

Plaintiff, Civil Action No.: ______________

v.

EQUIFAX INFORMATION SERVICES LLC,

Defendant. **JURY TRIAL DEMANDED**

**COMPLAINT**

Plaintiff Alejandra Hardy brings this action against Equifax Information Services LLC for systematic violations of the Fair Credit Reporting Act, 15 U.S.C. sections 1681 et seq. Alejandra Hardy is a working woman in Somerville, Massachusetts, employed in the restaurant industry, who sought to understand and improve her credit standing so that she could qualify for better financial products and build stability for her future. When she obtained her credit file disclosure from Equifax on March 19, 2026, she did not receive the complete, accurate picture of her financial life that the law guarantees. She received instead a document riddled with missing data, internal contradictions, and balance figures that exceeded their own stated credit limits, a disclosure so incomplete and inaccurate that she could not determine whether the information Equifax was selling to lenders about her was even correct.

The problem became clear the moment Ms. Hardy reviewed the 24-Month History tables in her file disclosure. Across every account, month after month, critical data fields were simply missing. Past Due Amount fields were blank for every single reporting period. Credit limit fields for her Lead Bank secured account were absent in all sixteen reported months. And in a basic mathematical impossibility, her TD Bank credit card balance was reported above its own credit limit across multiple months, including a balance of $2,035 against a stated limit of $2,000. These were not isolated oversights. They were uniform, systematic, and exactly the kind of errors that harm consumers every time a lender pulls a credit report.

Across the accounts contained in Plaintiff's file disclosure, Equifax omitted in excess of seventy-five blank or missing data fields, including Past Due Amount fields across every reporting month for every account, Credit Limit fields absent from sixteen consecutive months of the Lead Bank account, and payment history grid cells that record no data for periods where activity plainly occurred. Where the balance on an account repeatedly exceeds the stated credit limit, and where the agency's own narrative code declares that the high credit column represents the credit limit, the internal contradiction tells any reviewing lender that Ms. Hardy is habitually over her limit, a false and damaging signal. This is not the result of one bad data entry. This is what a systemic data policy looks like.

The Fair Credit Reporting Act imposes on Equifax a duty to provide consumers with all information in their file, clearly and accurately, under 15 U.S.C. section 1681g(a)(1). It requires Equifax to follow reasonable procedures to assure maximum possible accuracy of consumer information under 15 U.S.C. section 1681e(b). Equifax violated both. It delivered a file

disclosure that withheld dozens of data fields while simultaneously reporting balance figures that defied mathematical reality and that no basic data-integrity check could have permitted to reach a consumer's file.

Plaintiff brings this action to recover actual damages for the harm she has suffered, statutory and punitive damages for Equifax's willful violations of the FCRA, and the costs of this action. She also seeks a complete and corrected file disclosure so that she may finally know what Equifax is telling the world about her.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. section 1681p and 28 U.S.C. section 1331, as this action arises under the laws of the United States.

2. Venue is proper in this district pursuant to 28 U.S.C. section 1391(b) because Plaintiff resides in this district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

3. Plaintiff Alejandra Hardy is an adult individual residing at 89 Concord Ave, Somerville, Massachusetts 02143. Plaintiff is a "consumer" as defined by 15 U.S.C. section 1681a(c).

4. Defendant Equifax Information Services LLC is a limited liability company organized and existing under the laws of the State of Georgia, with its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. section 1681a(f) and regularly conducts business in the Commonwealth of Massachusetts. Defendant's registered agent in the State of Massachusetts may be located through the Massachusetts Secretary of State's corporate database.

## FACTUAL ALLEGATIONS

### A. Credit Report Overview

5. On March 19, 2026, Plaintiff requested and received her consumer file disclosure from Equifax, bearing Confirmation Number 6078576657. The disclosure was prepared as of March 19, 2026, and reflected the contents of Plaintiff's file maintained by Equifax as of that date.

6. The file disclosure reflects three accounts: a TD Bank credit card account (account number *6262), a Lead Bank secured installment account (account number *4495), and a Credit Collections collection account (account number *5699) for an original debt owed to Liberty Mutual In Co.

### B. Incomplete File Disclosure

7. Equifax's file disclosure delivered to Plaintiff on March 19, 2026, omitted in excess of seventy-five blank or missing data fields across all reported accounts. These omissions are detailed below on an account-by-account basis.

8. For the TD Bank credit card account (*6262), the 24-Month History table covers twenty-four consecutive months from March 2024 through February 2026. In every single one of those twenty-four rows, the Past Due Amount field is blank, rendering it impossible for Plaintiff to determine from her own file disclosure whether Equifax was reporting any past-due status to third-party lenders and whether any such reporting was accurate. That is twenty-four blank Past Due Amount fields on this account alone.

9. For the TD Bank account (*6262), the month of August 2024 shows a balance of $1,138 with no Scheduled Payment Amount listed, leaving a blank in the Scheduled Payment Amount field for that reporting period. This blank prevents Plaintiff from verifying whether any delinquency notation for that period was accurate.

10. The TD Bank account (*6262) payment history grid, which displays month-by-month payment notations for 2023, 2024, 2025, and 2026, contains multiple cells recorded as no data available for months in 2023 and portions of 2024, during a period when the account was open and active. The account was opened November 24, 2023, and reflects twenty-seven months reviewed, yet the payment history grid contains cells with no data available in the 2023 and 2024 rows, depriving Plaintiff of the ability to verify the completeness of her payment record.

11. For the Lead Bank secured installment account (*4495), the Credit Limit field is blank in all sixteen rows of the 24-Month History table, covering October 2024 through January 2026. The absence of the Credit Limit column across all sixteen reporting periods deprives Plaintiff of the ability to assess or verify utilization ratios, the accuracy of any balance reporting, or any data point that depends on the credit limit for context. That is sixteen blank Credit Limit fields on this account.

12. For the Lead Bank account (*4495), the Past Due Amount field is blank in all sixteen rows of the 24-Month History table. That is sixteen additional blank fields.

13. The Lead Bank account (*4495) payment history grid contains cells recorded as no data available for multiple months in 2024, the year in which the account was opened (September 19, 2024), despite the account having been open and active during those periods.

14. The Credit Collections account (*5699) contains no 24-Month History table whatsoever, providing Plaintiff with no ability to verify the payment history, balance progression, or any monthly data point for a collection account that is actively being reported to third parties.

15. In aggregate, the accounts in Plaintiff's March 19, 2026, Equifax file disclosure contain in excess of seventy-five blank or missing data fields, including but not limited to Past Due Amount fields, Credit Limit fields, Scheduled Payment Amount fields, payment history grid cells, and an entirely absent 24-Month History table for the collection account.

16. The identical pattern of blank Past Due Amount columns appearing across every account on the same disclosure, and the complete absence of credit limit data across all sixteen months of the Lead Bank account, confirms that these omissions result from Equifax's deliberate, uniform data policy rather than isolated data-entry error.

17. Because Plaintiff cannot determine from her own file disclosure what data Equifax transmitted to third-party creditors and lenders, she cannot assess the accuracy of the information Equifax is reporting about her or identify and correct any errors before they cause further harm.

**C. Per Se Inaccuracies**

18. The TD Bank credit card account (*6262) carries a stated Credit Limit of $2,000.00 throughout the 24-Month History table. The Narrative Code 233, which appears on every row of the TD Bank account's 24-Month History table, is described as "Amount in High Credit Column is Credit Limit," confirming that Equifax equates the High Credit figure with the Credit Limit for this account.

19. Notwithstanding that stated Credit Limit of $2,000.00, the TD Bank account (*6262) reports the following account balances that exceed the stated Credit Limit: February 2026 balance of $2,003; December 2025 balance of $2,026; September 2025 balance of $2,014; August 2025 balance of $2,035; and June 2025 balance of $2,008.

20. A balance that exceeds a credit card's stated credit limit is a per se inaccuracy. Any lender reviewing Plaintiff's Equifax report would observe that Ms. Hardy has repeatedly charged her TD Bank account past its limit, a highly negative signal that implies financial distress and reckless credit management. The reporting of balances above the credit limit on five separate months constitutes five separate inaccurate statements that no reasonable procedure would have permitted to reach Plaintiff's file.

21. Equifax's own Narrative Code 233 simultaneously declares the High Credit figure to be the Credit Limit and then reports that High Credit at $2,035, while also reporting a separate Credit Limit of $2,000. This internal contradiction, present across every single row of the TD Bank 24-Month History table, makes it impossible for Plaintiff or any reviewing lender to determine whether the true credit limit on this account is $2,000 or $2,035, and whether any of the reported balances are actually within or above the account's limit.

**D. Materially Misleading Reporting**

22. The combination of reporting balances above the stated Credit Limit while simultaneously reporting a Narrative Code declaring that the High Credit column represents the Credit Limit, with the High Credit figure set at $2,035 and the stated Credit Limit set at $2,000, creates a materially misleading picture of Plaintiff's credit account. A third-party reviewer examining Plaintiff's file cannot determine which figure is correct, cannot assess the true utilization rate, and cannot avoid the false impression created by a balance that appears to exceed the credit limit in five separate months.

23. The reporting of a balance that repeatedly exceeds a stated credit limit, when the account is otherwise performing with payments made every single month, creates a false and misleading characterization of Plaintiff's creditworthiness that harms her with every lender or creditor who views her Equifax file.

**E. Third-Party Dissemination**

24. On November 26, 2024, Defendant transmitted Plaintiff's consumer report to Capital One Bank USA NA, as evidenced by the hard inquiry recorded on Plaintiff's file disclosure, dated November 26, 2024. At the time of that transmission, Plaintiff's file contained the inaccurate balance and credit limit data described in paragraphs 18 through 23 of this Complaint.

25. The transmission of Plaintiff's consumer report to Capital One Bank USA NA on November 26, 2024, means that the inaccurate and incomplete information described herein was conveyed to at least one third-party lender, causing concrete harm to Plaintiff's credit standing and credit opportunities.

**F. Willfulness**

26. The FTC Advisory Opinion to Katrina Darcy (June 30, 2000) placed all nationwide consumer reporting agencies, including Equifax, on specific notice more than twenty-five years ago that withholding data fields from a consumer's own file disclosure while providing that same data to third-party creditors violates 15 U.S.C. section 1681g(a)(1).

Equifax's continued operation of a disclosure policy that systematically omits data across every account in Plaintiff's file is objectively unreasonable under Safeco Insurance Co. of America v. Burr, 551 U.S. 47, 69 (2007).

27. The identical blank Past Due Amount columns appearing across all twenty-four months of the TD Bank account and all sixteen months of the Lead Bank account, on the same disclosure, confirms that these omissions result from deliberate, uniform data policy rather than isolated error. Williams v. First Advantage LNS Screening Solutions, Inc., 947 F.3d 735 (11th Cir. 2020).

28. Equifax's failure to implement any automated data-integrity comparison of reported account balance against stated credit limit before publishing a consumer report is objectively unreasonable under Safeco, 551 U.S. at 69. A basic system check would have flagged any balance exceeding the credit limit before the report reached any consumer or third-party lender. No such check exists or was applied to Plaintiff's file.

29. Equifax has operated as a nationwide consumer reporting agency for decades and is charged with knowledge of its obligations under 15 U.S.C. section 1681e(b) and 15 U.S.C. section 1681g(a)(1). Its continued operation of reporting practices that produce mathematically impossible balance and credit limit combinations, and that systematically withhold data fields from consumer file disclosures, demonstrates willful disregard of known legal obligations.

**G. Actual Damages**

30. As a direct and proximate result of Equifax's violations of the FCRA, Plaintiff has suffered actual damages including: emotional distress and anxiety from discovering that her credit file contains inaccurate and incomplete information; impaired creditworthiness and diminished ability to obtain credit on favorable terms; loss of credit opportunities resulting from the transmission of inaccurate information to Capital One Bank USA NA on November 26, 2024; inability to verify and correct derogatory or inaccurate notations because the underlying data fields are withheld from her own disclosure; and the expenditure of time and resources in attempting to understand, address, and litigate the errors in her credit file.

## CAUSES OF ACTION

## COUNT I

### Violation of 15 U.S.C. Section 1681g(a)(1)

### Incomplete File Disclosure

31. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

32. 15 U.S.C. section 1681g(a)(1) requires a consumer reporting agency, upon request, to clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request.

33. Defendant failed to clearly and accurately disclose all information in Plaintiff's file. As set forth in paragraphs 7 through 17 of this Complaint, the file disclosure Equifax delivered to Plaintiff on March 19, 2026, omitted in excess of seventy-five data fields that were blank or missing, including: all twenty-four Past Due Amount fields on the TD Bank credit card account (*6262); the August 2024 Scheduled Payment Amount field on the TD Bank account (*6262); all sixteen Credit Limit fields on the Lead Bank secured account (*4495); all sixteen Past Due Amount fields on the Lead Bank account (*4495); multiple payment history grid cells reflecting no data available on both the TD Bank and Lead Bank accounts during months when those accounts were open and active; and the complete absence of any 24-Month History table for the Credit Collections account (*5699).

34. The FTC Advisory Opinion to Katrina Darcy (June 30, 2000) placed Equifax on notice that withholding data fields from a consumer's own file disclosure while providing that same data to third-party creditors violates 15 U.S.C. section 1681g(a)(1). See also Alexander v. Equifax, 2018 WL 3025939 (D. Nev. 2018).

35. Equifax's operation of a uniform disclosure policy that systematically withholds the same categories of data fields from every consumer's file disclosure constitutes a willful violation of 15 U.S.C. section 1681g(a)(1) within the meaning of Safeco Insurance Co. of America v. Burr, 551 U.S. 47, 69 (2007), because it reflects an objectively unreasonable interpretation of Equifax's statutory obligations that a reasonable entity in Equifax's position would not have adopted.

36. As a result of Equifax's violations of 15 U.S.C. section 1681g(a)(1), Plaintiff has suffered actual damages as set forth in paragraph 30, is entitled to statutory damages of not less than $100 and not more than $1,000 per willful violation pursuant to 15 U.S.C. section 1681n(a)(1)(A), is entitled to punitive damages pursuant to 15 U.S.C. section 1681n(a)(2), and is entitled to the costs of this action pursuant to 15 U.S.C. sections 1681n(a)(3) and 1681o(a)(2).

## COUNT II

## Violation of 15 U.S.C. Section 1681e(b)

## Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

## Per Se Inaccuracy: Balance Exceeding Credit Limit

37. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

38. 15 U.S.C. section 1681e(b) requires that whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

39. As set forth in paragraphs 18 through 20 of this Complaint, Defendant prepared and transmitted consumer reports containing a per se inaccuracy: the reporting of account balances that exceed the account's own stated credit limit. Specifically, the TD Bank

credit card account (*6262), which carries a stated Credit Limit of $2,000, was reported with the following balances above that limit: February 2026 balance of $2,003; December 2025 balance of $2,026; September 2025 balance of $2,014; August 2025 balance of $2,035; and June 2025 balance of $2,008.

40. No consumer who makes monthly payments on a credit card account, as the payment history for the TD Bank account (*6262) confirms Plaintiff did every single month without exception, should be shown to have repeatedly exceeded her credit limit across five separate months. The reporting of these over-limit balances to third-party lenders, including Capital One Bank USA NA on November 26, 2024, caused concrete damage to Plaintiff's creditworthiness and credit opportunities.

41. Equifax's failure to implement any automated comparison of reported account balance against stated credit limit before publishing a consumer report constitutes a failure to maintain reasonable procedures under 15 U.S.C. section 1681e(b). Gorman v. Wolpoff and Abramson, LLP, 584 F.3d 1147 (9th Cir. 2009). A basic data-integrity check would have identified and flagged each instance in which the reported balance exceeded the stated credit limit before it reached any third-party lender or appeared in Plaintiff's file disclosure.

42. Equifax's violation of 15 U.S.C. section 1681e(b) was willful within the meaning of Safeco Insurance Co. of America v. Burr, 551 U.S. 47, 69 (2007), because the absence of any automated data-integrity check to prevent balance-over-limit reporting represents an

objectively unreasonable procedure for an entity charged with maintaining maximum possible accuracy of consumer information.

43. As a result of Equifax's violations of 15 U.S.C. section 1681e(b), Plaintiff has suffered actual damages as set forth in paragraph 30, is entitled to statutory damages of not less than $100 and not more than $1,000 per willful violation pursuant to 15 U.S.C. section 1681n(a)(1)(A), is entitled to punitive damages pursuant to 15 U.S.C. section 1681n(a)(2), and is entitled to the costs of this action pursuant to 15 U.S.C. sections 1681n(a)(3) and 1681o(a)(2).

## COUNT III

### Violation of 15 U.S.C. Section 1681e(b)

### Materially Misleading Reporting

### Internal Credit Limit and High Credit Conflict

44. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

45. 15 U.S.C. section 1681e(b) prohibits consumer reporting agencies from reporting information that is technically stated but so misleading in context that it produces an inaccurate overall picture of the consumer's credit history. Gorman v. Wolpoff and Abramson, LLP, 584 F.3d 1147 (9th Cir. 2009).

46. As set forth in paragraphs 18 through 23 of this Complaint, the TD Bank credit card account (*6262) in Plaintiff's file disclosure carries Narrative Code 233 on every row of the 24-Month History table, defined as "Amount in High Credit Column is Credit Limit." The High Credit column throughout the 24-Month History table shows a figure that varies between $1,813 and $2,035. Simultaneously, a separate "Credit Limit" column in the same table shows $2,000 for most rows.

47. This creates an internal contradiction that is materially misleading to any third-party reviewer: the Narrative Code declares the High Credit figure to be the credit limit, yet a separate Credit Limit field shows a different value. No lender reviewing this account can determine whether the credit limit on Plaintiff's TD Bank account is $2,000 or $2,035. Worse, the High Credit figure of $2,035 appears in combination with reported balances as high as $2,035, suggesting to any third-party reviewer that Plaintiff maxed out her card at exactly the credit limit, when in fact the inconsistency results from Equifax's own data conflict.

48. A consumer report that simultaneously applies a Narrative Code stating the High Credit is the Credit Limit, while also displaying a separate and different Credit Limit field, is materially misleading because no third-party lender can reconcile the two figures or determine the true credit limit without additional investigation that such lenders do not undertake.

49. Equifax's preparation and transmission of a consumer report containing this internal credit limit contradiction was willful within the meaning of Safeco Insurance Co. of America v. Burr, 551 U.S. 47, 69 (2007), because a basic data-quality check would have identified the conflict between the Narrative Code 233 representation and the separately stated Credit Limit field before the report was transmitted to any third party.

50. As a result of Equifax's violations of 15 U.S.C. section 1681e(b), Plaintiff has suffered actual damages as set forth in paragraph 30, is entitled to statutory damages of not less than $100 and not more than $1,000 per willful violation pursuant to 15 U.S.C. section 1681n(a)(1)(A), is entitled to punitive damages pursuant to 15 U.S.C. section 1681n(a)(2), and is entitled to the costs of this action pursuant to 15 U.S.C. sections 1681n(a)(3) and 1681o(a)(2).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Alejandra Hardy respectfully requests that this Court enter judgment in her favor and against Defendant Equifax Information Services LLC, and award the following relief:

(a) Judgment for Plaintiff on all counts;

(b) Actual damages pursuant to 15 U.S.C. sections 1681n(a)(1) and 1681o(a)(1) in an amount to be proven at trial;

(c) Statutory damages of not less than $100 and not more than $1,000 per willful violation pursuant to 15 U.S.C. section 1681n(a)(1)(A);

(d) Punitive damages for Defendant's willful violations of the FCRA pursuant to 15 U.S.C. section 1681n(a)(2);

(e) Costs of this action pursuant to 15 U.S.C. sections 1681n(a)(3) and 1681o(a)(2);

(f) Injunctive relief requiring Defendant to provide Plaintiff with a complete and corrected file disclosure that includes all withheld data fields and corrects all inaccurate balance and credit limit reporting; and

(g) Such other and further relief as this Court deems just and proper.

Plaintiff reserves the right to amend this Complaint pursuant to FRCP Rule 15(a) to add reinvestigation counts under 15 U.S.C. section 1681i following expiration of the CRA's 30-day reinvestigation window.

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Alejandra Hardy

Alejandra Hardy

Pro Se Plaintiff

129 Pine st, Woburn, MA 01801

617-582-3710

Date: 6-18-26

**EXHIBIT LIST**

Exhibit A -- Full credit report, all pages (Equifax file disclosure, Confirmation No. 6078576657, dated March 19, 2026)

Exhibit B -- FTC Advisory Opinion to Katrina Darcy, June 30, 2000

Exhibit C -- Blank and missing data field inventory table